**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BMO HARRIS BANK, N.A.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-1901** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOSEPH SHEPHERD,** | : | |
| **Defendant** | : | |

**O R D E R**

Pending before the court is the report and recommendation of Magistrate Judge Joseph F. Saporito, Jr., which recommends that the plaintiff's motion for default judgment (Doc. 11) be granted and the instant action be marked closed. (Doc. 12). The defendant has filed objections to the report (Doc. 13) to which the plaintiff has replied (Doc. 14). Based upon the court's review of the record, the report and recommendation will be adopted in its entirety as the opinion of the court.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff filed the instant breach of contract action pursuant to 28 U.S.C. §1332 on November 8, 2021. (Doc. 1). The plaintiff filed an affidavit of service of summons and complaint upon the defendant on December 13, 2021 (Doc. 6) followed by a request for entry of default (Doc. 8). By order dated December 21, 2021, Judge Saporito directed the Clerk of Court to enter default against the defendant pursuant to

- 2 -

Fed.R.Civ.P. 55(a) for failure to plead or otherwise defendant. (Doc. 9). Default was entered that same day. (Doc. 10).

On December 28, 2021, plaintiff filed a motion for default judgment pursuant to Fed.R.Civ.P. 55(b)(2) with supporting exhibits. No response was filed by the defendant to the motion for default judgment. On May 3, 2022, Judge Saporito issued the pending report and recommendation. (Doc. 12). In making his recommendation, Judge Saporito reviewed the entire record in this case, including the verified complaint and attached exhibits, the motion for default judgment with attached exhibit, and the proposed order. Judge Saporito found the amount of the plaintiff's claim to be well-founded in the documentary proof submitted by the plaintiff and, therefore, found no reason to hold a hearing on the matter. Judge Saporito found the plaintiff is entitled to entry of default judgment in the amount requested by the plaintiff.

Defendant has filed objections to the report arguing that the court should decline to adopt the report and recommendation, as he "plans to shortly file a motion to set aside entry of default pursuant to Rule 55(c)." Whether or not defendant plans on filing such a motion is not the standard by which the court reviews a report and recommendation. As of this filing, no such motion has been filed and the court reviews Judge Saporito's report *de novo* for those specific portions of the report to which objections are made.

- 3 -

Defendant next challenges the report arguing that Judge Saporito failed to address if there was a valid assignment of the First Loan Agreement from General Electric Capital Corporation ("GECC") to plaintiff. Upon review, while the First Loan Agreement is made upon a GECC form, upon further review, it is clear that Transportation Truck and Trailer Solutions, LLC, ("Transportation Truck") is the lender. The Loan Transfer Acknowledgment assigned the First Loan Agreement from Transportation Truck  to plaintiff. There appears to be no issue that the assignment was properly made from Transportation Truck to plaintiff.

Finally, defendant challenges the report and recommendation arguing that Judge Saporito failed to address if the collateral was sold in a commercially reasonable manner by the plaintiff and if the defendant received credit for payments and proceeds from the sale of the collateral. Plaintiff has presented a verified complaint evidencing the amounts owed. Defendant has provided no factual challenge to demonstrate that the sales were commercially unreasonable. There is no basis, therefore, to sustain defendant's objections on this basis.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The defendant's objections **(Doc. 13)** are **OVERRULED**.

- 4 -

**(2)** The report and recommendation of Judge Saporito **(Doc. 12)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(3)** The Clerk of Court is directed to enter **JUDGMENT IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANT**: for damages in the sum of $380,048.53; together with prejudgment interest of $77,826.44 as of December 13, 2021, plus a per diem prejudgment interest rate of $190.02 for every day after December 13, 2021, through the date when judgment is entered; together with reasonable attorney fees of $2,984, costs of suit of $554.25, and post-judgment interest at the federal statutory rate calculated under 28 U.S.C. §1961.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 27, 2022**
21-1901-01

- 5 -